IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAY BOSCH,[1] | § | |
| | § | No. 454, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File Nos. 18-03-11TN |
| DEPARTMENT OF SERVICES FOR | § | CN17-04580 |
| CHILDREN, YOUTH AND THEIR | § | |
| FAMILIES/DIVISION OF FAMILY | § | Petition Nos. 18-08631 |
| SERVICES, | § | 17-28244 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: March 1, 2019
Decided: April 16, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## ORDER

Upon consideration of the appellant's brief filed under Supreme Court Rule 26.1, his attorney's motion to withdraw, the response of the Department of Services for Children, Youth and Their Families/Division of Family Services ("DFS"), and the response of the attorney *ad litem*, it appears to the Court that:

(1) The respondent below-appellant, Jay Bosch ("the Father"), filed an appeal from the Family Court's decision, dated August 7, 2018, terminating his

---

[1] The Court previously assigned pseudonyms to the appellants under Supreme Court Rule 7(d).

parental rights to his daughter ("the Child"). On appeal, the Father's counsel ("Counsel") has filed an opening brief and motion to withdraw under Supreme Court Rule 26.1. Counsel represents that he has made a conscientious review of the record and the law and found no meritorious argument in support of the appeal. The Father has submitted no points for the Court's consideration. In response to Counsel's submission, DFS and the Child's attorney *ad litem*, have moved to affirm the Family Court's termination of the Father's parental rights.

(2) The Child was born in June 2017. On September 14, 2017, DFS was awarded temporary custody of the Child by emergency *ex parte* order. The Child was previously in the temporary care of the paternal great-aunt because the mother of the Child ("the Mother")[2] was incarcerated and there was a criminal no-contact order between the Father and the Child as a result of the Father biting the Child and being charged with Child Abuse in the Second Degree. DFS sought temporary custody after the Family Court denied the paternal great-aunt's petition for temporary guardianship and the paternal great-aunt acted strangely and aggressively toward the DFS worker.

(3) At the preliminary protective hearing on September 20, 2017, the Family Court appointed counsel to represent the Mother and the Father. Based on the parents' stipulations, the Family Court found there was probable cause to believe

---

[2] The Mother consented to termination of her parental rights and has not appealed.

2

the Child was dependent. The Family Court also found that DFS had exercised due diligence in notifying the Child's relatives and there was no appropriate placement for the Child with relatives.

(4) October 26, 2017, the Family Court held an adjudicatory hearing. The Family Court found that the Child was dependent based on the parents' stipulations. The Mother had been released from prison and had visitation with the Child. The Father had completed a drug evaluation in which he tested positive for marijuana and was advised to obtain weekly outpatient treatment, completed a mental health evaluation, and begun parenting classes. The Family Court found that DFS had exercised due diligence in trying to find placement for the Child with relatives, but had not found any appropriate and available relatives. The Father was ordered to undergo genetic testing at State expense.

(5) On December 7, 2017, the Family Court held a dispositional hearing. The DFS worker was having difficulty communicating with both parents because they often failed to respond to her messages. DFS had determined that the Father's residence was inappropriate for the Child based on the criminal backgrounds of other residents. Case plans were submitted for both of the parents. As part of his case plan, the Father was required to complete a mental health evaluation and follow any recommendations, complete a substance abuse evaluation and follow any recommendations, inform DFS about the progress of his criminal case and comply

3

with any legal conditions, work with a family interventionist to build his parenting skills, maintain consistent employment, and obtain safe and appropriate housing. The Family Court found that DFS had made reasonable plans to finalize the permanency plan of reunification.

(6) On March 1, 2018, the Family Court held a review hearing. Neither parent appeared. Based on the genetic testing results, the Father was adjudicated the biological father of the Child. The Father had completed parenting classes, but remained in the same inappropriate housing despite receiving information about affordable alternatives and left a treatment program despite being diagnosed with opioid use disorder in full remission, severe cannabis use disorder, ADHD, and bipolar disorder. The Father had pled guilty to Child Abuse in the Second Degree. The prosecutor informed DFS that, with the Family Court's authorization, the Father could have contact with the Child. The Family Court authorized visitation, subject to DFS's discretion. The DFS Permanency Committee had recommended a goal change to termination of parental rights/adoption based on the parents' limited progress with their case plans. The Family Court scheduled a review hearing for May 21, 2018, with the understanding that if DFS served the parents with a termination for parental rights twenty or more days in advance of the hearing, then the Family Court would hear the petition at the May 21st hearing.

4

(7)     On March 22, 2018, DFS filed a petition for termination of both parents' parental rights. Personal service could not be successfully completed so there was newspaper publication on April 27th, May 4th, and May 11th. The termination of parental rights hearing began on May 21, 2018, but was continued to July 17, 2018 for lack of sufficient time. The Mother consented to termination of her parental rights at the beginning of the May 21st hearing. The hearing resumed on July 17, 2018.

(8)     The testimony reflected that the Father began weekly supervised visits with the Child on March 23, 2018. There was concern that the Father had not developed the necessary parenting skills to care for the Child. On April 5, 2018, the Father completed an evaluation that resulted in no mental health diagnosis. On June 1, 2018, he completed a substance abuse evaluation, tested positive for marijuana, and began substance abuse treatment. Throughout the proceedings, the Father changed employment several times. At the time of the second hearing, he was living in his car. The Father admitted he was presently unable to care for the Child, but sought additional time to complete his case plan.

(9)     On August 7, 2018, the Family Court issued a decision terminating the parental rights of the Father and the Mother. As to the Father, the Family Court found by clear and convincing evidence that the Father had failed to plan adequately for the Child's needs under 13 *Del. C.* § 1103(a)(5). The Father had only recently

5

begun substance abuse treatment and had not developed the necessary parenting skills, obtained steady employment, or found suitable housing. The Family Court also found that the Child had been in DFS care for more than six months, there was a history of abuse by the Father, the Father was unable to assume legal and physical custody of the Child, and failure to terminate parental rights would result in continued emotional instability and physical risk to the Child. The Family Court next found, by clear and convincing evidence, that DFS had made reasonable efforts to reunify the family. Finally, the Family Court considered the best interest factors under 13 *Del. C.* § 722 and found, by clear and convincing evidence, that termination of parental rights was in the best interests of the Child.[3]

(10) On appeal, this Court reviews the Family Court's factual and legal determinations as well as its inferences and deductions.[4] We will not disturb the Family Court's rulings on appeal if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly

---

[3] The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 *Del. C.* § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household. 13 *Del. C.* § 722.

[4] *Long v. Div. of Family Servs.*, 41 A.3d 367, 370 (Del. 2012).

and logical reasoning process.[5]  We review legal rulings *de novo*.[6]  If the Family Court correctly applied the law, then our standard of review is abuse of discretion.[7]

(11)   The statutory procedure for terminating parental rights requires two separate inquiries.[8]  First, the Family Court must determine whether the evidence presented meets one of the statutory grounds for termination.[9]  Second, the Family Court must determine whether termination of parental rights is in the best interest of the child.[10]  Both of these requirements must be established by clear and convincing evidence.[11]  After careful consideration of the parties' positions and the record on appeal, we conclude that there is ample evidence supporting the Family Court's termination of the Father's parental rights.  There was no error or abuse of discretion by the Family Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/   James T. Vaughn, Jr
Justice

---

[5] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[6] *Id.*
[7] *CASA v. Dep't of Servs. for Children, Youth and Their Families*, 834 A.2d 63, 66 (Del. 2003).
[8] *Shepherd v. Clemens*, 752 A.2d 533, 536-37 (Del. 2000).
[9] 13 *Del. C.* § 1103(a) (listing the grounds for termination of parental rights).
[10] 13 *Del. C.* § 722(a).
[11] *Powell v. Dep't of Servs. for Children, Youth and Their Families*, 963 A.2d 724, 731 (Del. 2008).